UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

OTIS HILL,

    Plaintiff,

v.                                                                  09-3136

RODGER WALKER et al.,

    Defendants.

## Case Management Order (Merit Review)

    The plaintiff, currently incarcerated in Centralia Correctional Center, filed this action primarily alleging deliberate indifference to his serious medical needs at Logan Correctional Center, which allegedly caused him to have two heart attacks.

    The court is required by 28 U.S.C. §1915A to conduct a merit review of the Complaint, and through such process to identify cognizable claims and dismiss claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted . . . ." A merit review hearing was scheduled to aid the court in this review, but will be cancelled as unnecessary.

    The merit review standard is the same as the motion to dismiss standard. To state a claim under federal notice pleading standards, all the Complaint must do is set forth a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007), *quoting Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007)(other citation omitted). However, the factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level' . . . ." *Id.*, *quoting Bell Atlantic*, 127 S.Ct. at 1965, 1973 n. 14. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009), *citing Twombly*, 127 S.Ct. 1955.

Deliberate indifference to a serious medical need violates a prisoner's eighth amendment right to be free from cruel and unusual punishment. The plaintiff had two heart attacks, so the serious medical need is met. Deliberate indifference is a higher hurdle. "A negligent or inadvertent failure to provide adequate medical care is insufficient to state a . . . [constitutional] claim . . . 'Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. . . .'" *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002)(quoted cites omitted). d. To demonstrate deliberate indifference, [a plaintiff] must show that the defendants 'acted with a sufficiently culpable state of mind.'" *Johnson v. Snyder*, 444 F.3d 579, 585 (7th Cir. 2006)(Citations omitted). *Subjective* awareness is required. *Id.* Deliberate indifference is more than negligence or gross negligence–it "'approaches intentional wrongdoing,'"'essentially a criminal recklessness standard, that is, ignoring a known risk.'" *Id.*. The defendant must have personally known of a substantial risk of serious harm to the plaintiff's health and consciously ignored it.

At this point, the plaintiff states a claim of deliberate indifference. He alleges that the nurse did not take him seriously until he called out to a passing doctor, who then immediately ordered nitro, an EKG, and transportation to a hospital where the plaintiff had surgery. On his return from surgery, the plaintiff allegedly was denied his prescribed heart medication, causing him to have another heart attack. The court concludes that an inference of deliberate indifference arises against the medical professionals/medical director at Logan Correctional Center: Defendants Dr. Obaisi, Kathleen Nelson, Nurse Lercher, Nurse G. Clark and Nurse Sherry Jennings. The plaintiff also seems to be alleging that the food supervisors, "Mr. B" and "Mr. Seahorn" refused to provide him with the low salt, low fat diet prescribed by his doctor in order to avoid another heart attack. Mr. B. and Mr. Seahorn will accordingly stay in the case.

No inference of deliberate indifference arises against the prison officials, however. "If a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands . . . " *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005). According to the allegations, it was the medical staff that ignored the plaintiff's serious medical condition and refused to give him his medication.

The plaintiff also alleges that he was forced to give a urine specimen a few days after his discharge from surgery. The drop was "dirty" because of the medications the plaintiff had taken for his surgery, but the plaintiff was accused of having crystal meth in his system. He was assigned to segregation pending an investigation. He spent 8 days in segregation and was mocked as a "meth head." The plaintiff never received a disciplinary report and he was released from segregation.

The court understands the plaintiff's frustration and indignation at being wrongfully accused and placed in segregation for 8 days. Unjustified short-term segregation, however, does not violate the constitution. *See Sandin v. Conner*, 515 U.S. 472 (1995)(generally, (segregation in prison does not implicate procedural due process); *Leslie v. Doyle*, 125 F.3d 1132, 1136 (7th Cir. 1998)("Broadly speaking, the Constitution does not create a cause of action for arbitrary and purposeless acts by officials per se, . . . ; it prohibits the abuse of power the effects a *significant* deprivation." (citations omitted)). Accordingly, the plaintiff states no federal claim for this incident.

The plaintiff lastly alleges that he was transferred to Sheridan Correctional Center, and then prison staff at Sheridan conspired to have the plaintiff transferred to Centralia Correctional Center. There is no mental health/substance abuse program at Centralia, making it impossible for the plaintiff to earn good time, because he is not to receive good time until he completes the program. The sentencing judge directed that the plaintiff be incarcerated in an IDOC prison with a mental health/substance abuse program. The plaintiff seems to seek an order transferring him to a prison with a mental health/substance abuse program.

These last allegations involve a different transaction and occurrence than the events at Logan, and different prison staff who are not named as defendants. Additionally, the events occurred outside the Central District of Illinois. Accordingly, without reaching whether the plaintiff states a claim, the court will dismiss without prejudice the plaintiff's claim about his transfer to Centralia and his inability to participate in a treatment program. *See George v. Smith*, 507 F.3d 607 (7th Cir. 2007); Fed. R. Civ. P. 20(a).

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states a claim that the defendants were and continue to be deliberately indifferent to his serious medical needs, in violation of his rights under the Eighth Amendment to the U.S. Constitution: Dr. Obaisi, Kathleen Nelson, Nurse Lercher, Nurse G. Clark, Nurse Sherry Jennings, "Mr. B", and "Mr. Seahorn."

2) Defendants Walker, Dawson, Battin, Willis, Petty, and Randolph are dismissed for failure to state a claim against them.

3) The plaintiff's claim about seeking transfer to a prison with a mental health/substance abuse treatment program is dismissed without prejudice.

4) At this point, the case proceeds solely on the federal claim identified in paragraph one above.

5) This case is referred to the Magistrate Judge for entry of a Prisoner Scheduling Order.

6) The merit review scheduled for July 15, 2009 is cancelled as unnecessary.

7) Service will be attempted on "Mr. B," but it is ultimately the plaintiff's responsibility to provide enough identifying information to enable service. If service is not successful on "Mr. B," the plaintiff must discover Mr. B's full name and provide it to the court.

8)     The defendants shall file an <u>answer</u> within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

Entered this <u>10th</u> Day of <u>July</u>, 2009.

                                                **s\Harold A. Baker**

                                                HAROLD A. BAKER  
                                        UNITED STATES DISTRICT JUDGE